IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS VASSALLO, on Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiffs | § § | CASE NO. 5:14-cv-00743 |
| v. | § § | |
| GOODMAN NETWORKS, INC. | § § | |
| Defendant. | § § | |

### DEFENDANT'S OPPOSED MOTION TO TRANSFER VENUE

Defendant Goodman Networks, Inc. requests that the Court transfer this purported collective action lawsuit to the Eastern District of Texas - Sherman Division.

### SUMMARY OF ARGUMENT

Vassallo filed this overtime lawsuit in the Western District of Texas - San Antonio Division. But Vassallo did not work in San Antonio. *He worked for Goodman in Missouri*, where he still resides.[1] Thus, there is no reason to maintain this lawsuit in this district.

The Eastern District of Texas - Sherman Division is a more convenient forum. Almost all of the witnesses and documents are located in Plano, Texas, where Goodman maintains its corporate headquarters.[2] The witnesses in Plano will incur significant travel and lodging costs if this case is maintained nearly 300 miles away in San Antonio.[3] Further, as explained in detail below, the non-party witnesses in Plano (which include Goodman's non-managerial employees)

---

[1] *See* Docket Entry No 1., Complaint at ¶ 5 ("Plaintiff Louis Vassallo ("Louis") is an individual currently residing in Ellisville County, Missouri."); *see also* Declaration of Anthony J. Rao, at ¶ 3.

[2] *See* Rao Decl., at ¶¶ 4-5. As the Court is aware, the Plano federal courthouse is located in the Eastern District of Texas - Sherman Division.

[3] *See* Declaration of Dennis A. Clifford, at ¶¶ 3-6, and Exhibits A-1 - A-4.

are not subject to Goodman's control, and they could quash any subpoenas to attend trial in San Antonio.[4] Thus, the parties may be substantially prejudiced if this case in maintained in San Antonio where those witnesses cannot be compelled to testify. Finally, the congestion of cases in this District and the local interest in having the case heard in Plano also weigh in favor of transferring venue to the Eastern District of Texas - Sherman Division. By contrast, Vassallo cannot offer one compelling reason why this case should remain in San Antonio.

## LEGAL STANDARD

A district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice … to any other district or division where it might have been brought."[5] The Fifth Circuit requires a two-step analysis for venue transfer. First, the district must determine whether the case "might have been brought" in the proposed transferee venue.[6] Second, the district court must weigh private interest factors and public interest factors to determine if the proposed transferee venue is "clearly more convenient" than the current venue.[7]

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[8] The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests

---

[4] *See* Rao Decl., at ¶ 6.

[5] 28 U.S.C. § 1404(a).

[6] *In re Volkswagen of Am., Inc*., 545 F.3d 304, 312 (5th Cir. 2008) (en banc) (*Volkswagen II*).

[7] *Volkswagen II*, 545 F.3d at 314 (rejecting prior case law that required a showing that the proposed forum was "substantially" more convenient); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507-08 (1947).

[8] *Volkswagen II*, 545 F.3d at 315 (quotation omitted).

2

decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law."[9]

The enumerated private interest and public interest factors are not exhaustive, and no single factor is dispositive.[10]  In any event, as explained below, nearly every factor weighs in favor of transferring the case to the Eastern District of Texas, and none of the factors weigh in favor of keeping the case in this forum.

### A. Vassallo Could Have Filed this Lawsuit in the Eastern District of Texas - Sherman Division.

There is no question that Vassallo could have properly filed this case in the Eastern District of Texas - Sherman Division.  Under the federal venue statute, a corporate defendant may be sued in any judicial district in which it is subject to personal jurisdiction.[11]  Goodman is subject to personal jurisdiction in the Eastern District of Texas - Sherman Division because it maintains its corporate headquarters in Plano, Texas.  Thus, this case "might have been brought" in the Eastern District of Texas, and therefore the first requirement for venue transfer is satisfied.[12]

### B. The Private Interest Factors Weigh in Favor of Transfer.

#### 1. *The relative ease of access to proof strongly favors transfer.*

The first factor favoring transfer is "the relative ease of access to sources of proof."[13]  The Fifth Circuit has emphasized that district courts should focus on the "*relative* ease of access,

---

[9] *Id*.

[10] *Id*.

[11] 28 U.S.C. § 1391(b)(1), (d).

[12] *Volkswagen II*, 545 F.3d at 312.

[13] *Id.*

3

not the *absolute* ease of access."[14]  Thus, *the question is whether it would be easier to access proof in San Antonio or Plano*.  The answer is Plano.

The vast majority of the documents that are relevant to this FLSA dispute are maintained in Plano, at Goodman's headquarters.  Such documents include but are not limited to payroll data, service contracts, billing information, W-2 forms, personnel files, training modules, job descriptions, and other pertinent documents related to the issues in this overtime-exemption lawsuit.  By contrast, none of the relevant documents are maintained in San Antonio.[15]  Accordingly, the first private factor weighs in favor of transfer.[16]

Moreover, many of the relevant witnesses work at Goodman's corporate headquarters in Plano.  Such witnesses include but are not limited to: Christian Cook (Director of IT Infrastructure) to testify about IT matters; Gail Lohmeyer (Director of Compensation) to testify regarding pay banding, job classifications, and the process for creating the Construction Manager job descriptions; Linda Ballard (VP of Performance Management) to testify regarding the job duties and job training for Construction Manager positions; Trish Garner (Senior Manager Employee Relations) to testify regarding Vassallo's ethics complaint regarding his work hours and the company's investigation and response; and Britney Hill (Director - Human Resources) to

---

[14] *In re Radmax, Ltd.*, 720 F.3d 285, 288 (emphasis in original) (finding that the while the cost of transporting evidence from Marshal to Tyler "may have been slight" the "*relative* ease of access" to such documents in Tyler supported transfer).

[15] *See* Rao Decl., at ¶ 5; *see Hebert v. Wade*, 2013 WL 551037, at *3 (S.D. Tex. Oct. 7, 2013) (transferring case from Galveston Division to Houston Division because none of the sources of proof were located in Galveston).

[16] *See id*. ("[A]ll of the documents and physical evidence are located in the [transferee District, and thus] this factor weighs in favor of transfer.").

testify regarding Construction Manager job competencies and functions.[17]  By contrast, Vassallo cannot identify a single relevant witness that works or resides in the Western District of Texas.

### 2. The availability of the compulsory process to secure the attendance of witnesses weighs in favor of transfer.

The second factor is whether the court has the power to compel non-party witnesses to attend trial and depositions in the home forum.  This Court does have the power to subpoena the non-party witnesses who reside and work in the Plano area.  However, because Plano is more than 100 miles from San Antonio, any *trial* subpoena to a non-party witness *may not issue* if the witness will incur substantial expense to travel to San Antonio.[18]  Likewise, any deposition or hearing subpoena from this Court to a non-party witness in Plano *cannot issue* if the witness will have to travel more than 100 miles to comply.[19]

In this case, some non-parties witnesses are located in Dallas, Texas.  Goodman stores its backup tapes and other IT data with a company called Safesite, in Dallas, Texas.[20]  Chris Hunter (Safesite Branch Manager) and Bobby Owen (Safesite Operations Managers) both work for Safesite in Dallas.[21]  They may need to testify regarding IT issues.[22]  Because they work in Dallas, any subpoenas issued from this Court to compel their attendance are subject to a motion to quash.  However, this problem will not exist if the case is transferred because Dallas is only 19 miles from Plano.[23]

---

[17] *See* Rao Decl., at ¶ 4.

[18] Fed. R. Civ. P. 45(c)(1)(B).

[19] Fed. R. Civ. P. 45(c)(1)(A).

[20] *See* Rao Decl., at ¶ 6.

[21] *Id*.

[22] *Id*.

[23] *See* Exhibit A-4.

5

The same analysis applies to Goodman's non-managerial employees who work and reside in Plano. Non-managerial employees (both current and former) are considered non-party witnesses.[24] The parties do not yet know which non-managerial employees at Goodman's headquarters they may wish to depose or call as witnesses in this case. But unless these witnesses willingly participate, the parties will need to subpoena them to appear for depositions and trial, and such depositions are subject to a motion to quash. Again here, this problem will not exist to the same extent if the case is transferred to Plano.

### 3. *The costs of attendance of witnesses heavily favors transfer.*

The Fifth Circuit has explained that when the distance between an existing trial venue is more than 100 miles from a proposed venue under 28 U.S.C. § 1404(a), the inconvenience to witnesses increases in direct relationship to the additional distance of required travel.[25] The increase in distance allows for an inference of an increase in travel expenses (for meals, flights, taxis, and lodging), particularly when overnight lodging is required.[26]

Plano is 293 miles from San Antonio.[27] Thus, if the case is maintained in San Antonio, Goodman will incur costs, time commitments, and other inconveniences associated with long-distance travel for hearings and trial.[28] For example, a search on Kayak.com[29] reveals that the average cost of flying roundtrip from Dallas to San Antonio ranges from $227 to $1,190

---

[24] *See O'Conner v. Trans Union Corp.,* Civ.A. 97–4633, 1998 WL 372667, at *2 (E.D. Pa. May, 11, 1998) (clarifying that non-managerial employees are considered non-party witnesses).

[25] *See Volkswagen II*, 545 F.3d at 312.

[26] *Id.*; *see also Radmax*, 720 F.3d at 288-89 (finding that a distance of only 60 miles is sufficient to warrant transfer).

[27] *See* Exhibit A-4.

[28] This Court typically sets contested motions for hearings. *See* Fact Sheet for Senior Judge David Alan Ezra, at *6 (answer to question 27).

[29] The price results from Kayak.com compares prices from Kayak.com, Priceline.com, Expedia.com, Hotwire.com, Cheapoair.com, and Travelocity.com.

18613478v.1

depending on the airline and its refund-policy pricing (i.e., flights are cheaper if they are booked as non-refundable and well in advance of a hearing or trial).[30]  But the reality of litigation is that the parties cannot accurately predict the exact day (or necessity) of a hearing or trial.  Thus, the parties will need to purchase the more expensive refundable tickets for each witness that must travel to San Antonio.  In addition, a search on Trivago.com[31] reveals that suitable hotels in the San Antonio (four out of five stars) range from $103 to $298 per night.[32]  In addition, there are opportunity costs associated with missing work and family time while traveling to and staying in a different city for several days for a trial.  But if this case is transferred to Plano, then none of these costs will be incurred by the witnesses in Plano.

### 4. *Transferring venue will not result in a delayed disposition.*

This case is in its early stages.  The Court has not issued a scheduling order, and the parties have not engaged in any discovery.  Therefore, transferring the case to the Eastern District of Texas will not cause any appreciable delay to the disposition of the lawsuit.[33]

### C. **The Public Interest Factors Favor Transfer**

Courts are required to consider four public interest factors when analyzing a request for venue transfer.  The third and fourth factors—familiarity with the governing law and avoidance of conflicts of law or in applying foreign law—are neutral because they do not favor either forum.  However, the first and second factors—court congestion and local interest—favor a transfer to the Eastern District of Texas - Sherman Division.

---

[30] *See* Exhibit A-1, Flight Cost Searches. These prices reflect a round-trip flight leaving Dallas, Texas on Sunday, October 11, 2015 and returning to Dallas, Texas on Saturday, October 17, 2015.

[31] The price results from Trivago.com compares prices from all major hotel booking websites, including the hotel websites themselves.

[32] *See* Exhibit A-2, Hotel Cost Search.

[33] *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (noting that, for venue transfer, issues of delay should only be considered in rare and special circumstances).

### 1. *The court congestion factor favors transfer.*

The Eastern District of Texas has less pending cases and less cases per judge than the Western District of Texas. Specifically, there are 6,000 cases pending in the Eastern District of Texas versus the 6,308 cases pending in the Western District of Texas as of June 2014.[34] Additionally, each judge in the Eastern District of Texas had 660 cases between June 2013 and June 2014, and each judge in the Western District of Texas had 924 cases during the same timeframe.[35] The Western District's greater congestion, therefore, further favors transfer to the Eastern District of Texas.[36]

### 2. *The local interest factor weighs in favor of transfer.*

As one court recently explained, "the place of the alleged wrong is of primary importance in the Court's venue determination."[37] In this case, the alleged wrong—*i.e.*, the decision to classify the Construction Manager positions as exempt from overtime—occurred in Plano.[38] The creation of the Construction Manager job description, as well as the development of the Construction Manager training modules and programs, also occurred in Plano.[39] By contrast, Vassallo cannot identify any alleged wrong that occurred in San Antonio.

---

[34] *See* Exhibit A-3, U.S. District Court - Judicial Caseload Profile for the Eastern and Western Districts of Texas. Alternatively, please see:

http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-june-2014.pdf&page=35 (November 22, 2014).

[35] *Id*.

[36] *Round Rock Research, LLC v. Oracle Corp.*, No. 4:11-CV-332, 2011 U.S. Dist. LEXIS 135846, at *20 (E.D. Tex. Oct. 21, 2011) ("The number of actions per judgeship is doubled in the Western District. Therefore, this factor weighs slightly against transfer [from the Eastern District of Texas to the Western District of Texas].").

[37] *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 675 (S.D. Tex. 2003).

[38] *See* Rao Decl., at ¶ 7.

[39] *Id*.

18613478v.1

Vassallo may attempt to defeat the transfer motion by arguing that Goodman maintains a project office in San Antonio.  But that argument cannot prevail.  If that were allowed, then any plaintiff could file suit against a national company in virtually any district or division in the United States and withstand a motion to transfer venue by simply identifying a company office or store in the district.

The Fifth Circuit has rejected that line of reasoning.  The Fifth Circuit has explained that local interests that "could apply virtually to any judicial district or division in the United States" are to be disregarded in favor of particularized local interests.[40]  And here, as explained above, Plano has a particularized local interest in the dispute, while San Antonio has no interest.

The point becomes more apparent when viewing the lawsuit through the eyes of a potential juror.  Assuming this case is not certified (or that it is later decertified), the citizens of San Antonio will be left wondering why they are listening to a dispute between a man who worked in Missouri and a company that is headquartered in Plano.   This is precisely why the Fifth Circuit has warned that "jury duty is a burden that out not to be imposed upon the people of a community which has no relation to the litigation."[41]

**D.     Conclusion**

Vassallo cannot offer one compelling reason why this case should remain in San Antonio.  Nor can he identify any relevant documents or witnesses in San Antonio.  This is not surprising because Vassallo did not work in San Antonio.  *He worked for Goodman in Missouri, where he currently resides*.[42]

---

[40] *In re Volkswagon AG*, 371 F.3d 201, 206 (5th Cir. 2004).

[41] *Id.* (quoting *Gulf Oil*, 330 U.S. at 508-09).

[42] *See* Docket Entry No 1., Complaint at ¶ 5 ("Plaintiff Louis Vassallo ("Louis") is an individual currently residing in Ellisville County, Missouri.").

9

The Eastern District of Texas - Sherman Division is a more convenient forum. Almost all of the witnesses and documents are located in Plano, Texas. The witnesses in Plano will incur significant travel and lodging costs if this case is maintained nearly 300 miles away in San Antonio. Further, the non-party witnesses in Plano (which include Goodman's non-managerial employees) are not subject to Goodman's control, and they could conceivably quash any subpoenas to attend hearings, depositions, or trial in San Antonio. Finally, the congestion of cases in this District and the local interesting in having the case heard in Plano also weigh in favor of transferring venue to the Eastern District of Texas - Sherman Division. Accordingly, Goodman respectfully requests that the Court enter an order transferring this lawsuit to the Eastern District of Texas - Sherman Division.

Dated:  November 26, 2014

Respectfully submitted,

SEYFARTH SHAW LLP

By:  /s/ Dennis A. Clifford
Dennis A. Clifford
Texas Bar No. 24050431
Esteban Shardonofsky
Texas Bar No. 24051323
Ashley M. Hymel
Texas Bar No. 24079974
700 Milam Street, Suite 1400
Houston, Texas 77002
(713) 225-2300 – Telephone
(713) 225-2340 – Facsimile

ATTORNEYS FOR DEFENDANT,
GOODMAN NETWORKS, INC.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record, as listed below, by operation of the Court's Electronic Filing System, on this 26 day of November, 2014.

    Charles M.R. Vethan
    State Bar No. 00791852
    THE VETHAN LAW FIRM, PC
    3501 Allen Parkway
    Houston, TX 77019

/s/ Dennis A. Clifford
Dennis A. Clifford

**CERTIFICATE OF CONFERENCE**

    I hereby certify that on November 3, 2014, I sent an email to Plaintiff's counsel setting forth the reasons why the case should be transferred to the Eastern District of Texas, and I inquired whether Plaintiff intended to oppose a motion to transfer venue. On November 10, 2014, Plaintiff's counsel emailed me and indicated that Plaintiff would oppose this motion. Plaintiff did not provide a reason for the opposition.

/s/ Dennis A. Clifford
Dennis A. Clifford

18613478v.1