IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS VASSALLO, on Behalf of Himself and All Others Similarly Situated, Plaintiff | § § § § § § § § § § § § § | |
| | | CIVIL ACTION NO. 5:14-cv-00743 |
| v. | | |
| GOODMAN NETWORKS, INC., Defendant. | | JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE

### [Relates to Document No. 6]

Plaintiff, Louis Vassallo, individually, and on behalf of all others similarly situated (hereinafter "Plaintiffs"), herby requests that this Court deny Defendant, Goodman Networks, Inc.'s, Motion to Transfer Venue to the Eastern District of Texas – Sherman Division. Plaintiff supports the request to deny the motion to transfer venue with the arguments below, and therefore, would show the court as follows:

## I.       INTRODUCTION

1.       Plaintiff brought this cause of action on behalf of himself and others similarly situated for improper payment under the Fair Labor Standards Act by the Defendant, Goodman Networks, Inc. (hereinafter "Defendant"). Plaintiff chose to file this action in the Western District of Texas--San Antonio Division, where venue and jurisdiction are proper.

2.       Despite the fact the lawsuit was filed in the proper court, Defendant filed a motion to transfer venue alleging that the Western District of Texas--San Antonio Division is an

inconvenient forum and that the case should be handled in the Eastern District of Texas--Sherman Division.

3.      Plaintiff opposes this motion and requests that the court deny Defendant's Motion to Transfer Venue, because Defendant has failed to meet its burden in showing that this forum is an inconvenient one, and that good cause exists to transfer the case to another district.

## II.      ARGUMENT AND AUTHORITY

4.      District courts have "broad discretion in deciding whether to order a transfer" pursuant to § 1404(a). *In re Volkswagen of Am., Inc*., 545 F.3d 304, 311 (5th Cir. 2008) (internal quotations omitted). The party seeking a transfer pursuant to § 1404(a) must show "good cause" by demonstrating "that the transferee venue is *clearly* more convenient." *Id.* at 315. The Defendant has failed to meet this standard.

5.      *In re Volkswagon of Am., Inc.,* enumerated several private and public interest factors that a Court should consider when deciding whether or not a forum is "clearly more convenient". In deciding whether to transfer, this Court may consider the following *private* interest factors: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal quotations omitted). The additional *public* interest factors for the Court to consider include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

6.      Outside of these public and private considerations, a court should not "entertain

tactical battles for convenience shifting," where the only result of transfer is to "shift the balance of inconveniences from the moving party to the non-moving party." *Farmers Select, LLC v. United Motor Freight, Inc.,* 2008 U.S. Dist. LEXIS 104564, 10-11, 2008 WL 5351731 (W.D. Tex. Dec. 19, 2008) (quoting *Mohamed v. Mazda Motor Corp.,* 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000). This is the motivation behind Defendant's Motion to Transfer Venue which seeks to transfer this matter to Defendant's "home court."

7.     The Defendant sheepishly implies that *any* minor inconvenience suffered on their part warrants a transfer of venue. This implication is improper. As a nationwide corporation, the Defendant could have been brought into Court anywhere in the country, but the Defendant argues that because the forum is not in the Defendant's "home court", the forum is not convenient.

8.     The Plaintiff would also like to contrast the Defendant's view of an inconvenient forum with the *Farmers Select case.* The Western District of Texas--El Paso Division, denied a motion to transfer venue even though the movant alleged that the relevant witnesses and documents were in Western District of Washington. The Court in its reasoning stated that "the Court finds that the inconvenience of the current forum does not rise to the level of good cause such that transfer of venue pursuant to 28 U.S.C. § 1404(a) would be warranted." In *Farmers Select*, **1600 miles** separated the forum from the documents and witnesses, however the Court still found that the current forum didn't rise to the level required to transfer venue. Here, the Defendants argue that the 300 miles separating the forum from the Defendant's Headquarters warrants transfer for non-convenience to another district more convenient for the nation-wide corporation. The Plaintiff disagrees. Many documents are stored digitally or are capable of being digitized with relative ease, and witness depositions can be taken in the districts the witnesses reside if required. Should this action go to trial, the Defendant will not incur unreasonable expenses for the purchase

of plane tickets and hotel rooms as stated in the Motion. The Defendant purchases plane tickets and hotel rooms already so its employees can travel all over the country carrying out normal business operations. These costs incurred as a result of this litigation will be minimal.

9.      Finally, the Defendant's argument neglect to acknowledge the great deference given to a Plaintiff's choice of forum. A plaintiff's right to choose a forum is "well-established," and the Plaintiff's choice is usually highly esteemed. *In re Triton Ltd*. Sec. Litig., 70 F. Supp. 2d 678, 688-689, 1999 U.S. Dist. LEXIS 20670, 29-30, Fed. Sec. L. Rep. (CCH) P90, 757 (E.D. Tex. 1999). *Texas Instruments, Inc. v. Micron Semiconductor,* 815 F. Supp. 994, 996 (E.D. Tex. 1993). The plaintiff's choice of forum is "a paramount consideration in any determination of transfer request, and that choice should not be lightly disturbed." *Young v. Armstrong World Indus.,* 601 F. Supp. 399, 401 (N.D. Tex. 1984) (citing *Shutte v. Armco Steel Corp*., 431 F.2d 22, 25 (3d Cir. 1970)). Furthermore, the judicial system inherently provides a plaintiff with his choice of forum: "The existence of [forum choices] not only permits but indeed invites counsel in an adversary system, seeking to serve in his client's interests, to select the forum that he considers most receptive to his cause. The motive of the suitor in making this choice is ordinarily of no moment: a court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law applied are more favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983). The Plaintiff has chosen this forum pursuant to our judicial system's inherent provisions permitting such choices.

## III.   <u>PRAYER</u>

WHEREFORE, Plaintiff respectfully requests this Court DENY Defendant, Goodman Networks, Inc.'s Motion to Transfer Venue to the Eastern District of Texas – Sherman Division

and any other relief to which the Plaintiff is legally and equitably entitled.

Respectfully submitted,

THE VETHAN LAW FIRM, PC
By: /s/ Charles M. R. Vethan
　　　Charles M.R. Vethan
　　　State Bar No. 00791852
　　　8700 Crownhill Blvd, Suite 302
　　　San Antonio, Texas 78209
　　　Telephone: (210) 824-2220
　　　Facsimile: (210) 826-2223
ATTORNEY IN CHARGE FOR
PLAINTIFFS & CLASS MEMBERS