IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS VASSALLO, on Behalf of Himself and All Others Similarly Situated, | § § § § § | |
| Plaintiffs | | |
| v. | § § § § § § | CIVIL ACTION NO. 5:14-cv-00743 |
| GOODMAN NETWORKS, INC. | | |
| Defendant. | | |

**PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO EXTEND, MOTION TO EXCEED PAGE LIMITS AND EXPEDITED RULING**

**[Relates to Document No. 14]**

Plaintiff, Louis Vassallo, individually, and on behalf of all others similarly situated (hereinafter "Plaintiffs"), heerby requests that this Court deny Defendant, Goodman Networks, Inc.'s, Motion to Extend the Deadline for Responding to Plaintiff's Motion for Conditional Collective Certification, to Exceed the Page Limitation, and Request of an Expedited Ruling, and shows the court as follows:

### I. NO BASIS FOR EXTENSION

11       Plaintiff brought this cause of action on behalf of himself and others similarly situated for improper payment under the Fair Labor Standards Act by the Defendant, Goodman Networks, Inc. (hereinafter "Defendant"). Defendant has requested this Court to extend the Response deadline seven (7) days beyond what the local rules allow for a response to a dispositive motion such as a motion for Summary Judgment.[1] To support its motion, Defendant cites the need to "interview

---

1 L.R. 7(e)(2)

multiple managers, prepare declarations, and fully brief the issue of conditional collective certification." However, as early as September 2014, after a discussion with Defendant's Corporate counsel, Plaintiff gave notice to Goodman Networks, that a suit was filed regarding their decision to pay the Plaintiff and similarly situated individuals no over-time based on an exemption. In a September 22, 2014 letter Plaintiff clearly stated that the exemption claimed for the Construction Manager position was in question as part of this suit. [2] Even in the proposed scheduling order given to this Court on January 16, 2015, it was requested that dates be modified "if the Court grants conditional certification and/or allows notice to be distributed to putative class members."

12	Stated plainly, the motion to certify class was not a surprise and has now been known to Defendant for almost five (5) months.

13	Further, as addressed in Plaintiff's motion to conditionally certify, the decision whether to issue notice to potential class members is "made using a fairly lenient standard." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995). Courts do not review the underlying merits of the action in determining whether to conditionally certify. *Gandhi v. Dell Inc.*, A-08-CA-248 JRN, 2009 WL 1940144 (W.D. Tex. July 2, 2009) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir.1995) and *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987)).

14	A plaintiff need only make a <u>*minimum showing*</u> to guide the court's determination in whether to issue notice to potential class members. *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 915 (S.D. Tex. 2010). Later, at the second stage, when discovery is largely complete, a defendant may move to "de-certify" the conditionally certified class. *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 697 (W.D. Tex. 2009).

---

2 See Exhibit 1, Letter to Goodman Networks

15      Defendant wants to put the cart before the horse, however, by asking to perform the discovery and prepare for the second motion to decertify prior to the first step being taken.

## II. CONCLUSION

16      As admitted by Defendant, the motion to transfer venue is already briefed and ready for tomorrows, February 5, 2015 hearing. The Defendant states that if transferred the transferee court would set a new deadline to respond, yet asks this Court to grant a fourteen (14) day extension after a ruling is made. Effectively, this is a request for well over twenty-one (21) days, or in the alternative, a flat twenty-one (21) day deadline. Because the Defendant has had notice of the Plaintiff's intent to certify a class related to Construction Managers, this request for an extension is unfounded and is not for good cause.

17      Additionally, the Defendant requests the Court to go over the ten (10) page limit for their response. Plaintiff is opposed to this motion for the same reasons the rule exists under the Local Rules, but more specifically because Plaintiff's Motion was only thirteen (13) pages.

## III. PRAYER

WHEREFORE, Plaintiff respectfully requests this Court DENY Defendant, Goodman Networks, Inc.'s Motion to Extend the Deadline for Responding to Plaintiff's Motion for Conditional Collective Certification, to Exceed the Page Limitation and any other relief to which the Plaintiff is legally and equitably entitled.

Respectfully submitted,

THE VETHAN LAW FIRM, PC


By: /s/ Charles M.R. Vethan
Charles M.R. Vethan
SBN: 00791852
Federal Bar No: 19566
8700 Crownhill Boulevard | Suite 302
San Antonio, Texas 78209
Telephone: (210) 824-2220
Facsimile: (210) 826-2223
cvethan@vathanlaw.com
ATTORNEY IN CHARGE FOR PLAINTIFFS & CLASS MEMBERS

## CERTIFICATE OF SERVICE

This is to certify that on February 4, 2015, a copy of the foregoing instrument was served upon all parties via the Court's electronic case filing system.

Dennis A. Clifford
SeyFarth Shaw, LLP
700 Milam Street, Suite 1400
Houston, Texas 77002

/s/ Charles M. R. Vethan
Charles M.R. Vethan