IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LOUIS VASSALLO, on Behalf of Himself and All Others Similarly Situated, | § § § § § § § § § § § § § § | Cv. No. 5:14-CV-743-DAE |
| Plaintiff, | | |
| vs. | | |
| GOODMAN NETWORKS, INC., | | |
| Defendant. | | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

Before the Court is a Motion to Transfer Venue filed by Defendant Goodman Networks, Inc. ("Defendant") (Dkt. # 6). The Court held a hearing on the Motion on February 5, 2015. At the hearing, Seth Grove, Esq., and Joseph Lanza, Esq., represented Plaintiff Louis Vassallo ("Plaintiff"). Dennis A. Clifford, Esq., represented Defendant. Upon careful consideration of the arguments asserted at the hearing and in the supporting and opposing memoranda, the Court, for the reasons that follow, GRANTS Defendant's Motion to Transfer Venue.

## BACKGROUND

This case involves alleged violations of the Fair Labor Standards Act ("FLSA"). Defendant is a Texas corporation that conducts business as a registered

1

telecommunications services company.  ("Compl.," Dkt. # 1 ¶ 9.)  Defendant's headquarters is located in Plano, Texas.  (Ex. B, Dkt. # 6-8 ¶ 4.)  Plaintiff is a resident of Ellisville County, Missouri, and was formerly employed as a construction manager for Defendant.[1]  (Compl. ¶ 2.)  Plaintiff alleges that Defendant violates the FLSA by failing to pay its construction managers for overtime work as required by 29 U.S.C. § 207(a).  (Compl. ¶ 23, 35.)  Plaintiff specifically alleges that he and other construction managers employed by Defendant worked six and seven days a week and commuted eight to twelve hours a day between work sites, and that Defendant did not pay him or its other construction managers at the required overtime rate for the time worked in excess of forty hours a week.  (Compl. ¶¶ 19–20.)

        Plaintiff filed his Complaint in this Court on August 21, 2014.  (Dkt. # 1.)  Plaintiff seeks to certify as a collective action on behalf of himself and all other similarly situated employees to recover unpaid overtime compensation.  (Compl. ¶¶ 4, 26–33.)  Defendant filed an answer on October 24, 2014.  (Dkt. # 5.)  On November 26, 2014, Defendant filed the instant Motion to Transfer Venue seeking to transfer the case from the San Antonio Division of the Western District of Texas to the Sherman Division of the Eastern District of Texas.  (Dkt. # 6 at 1.)

---

[1] While Plaintiff's Complaint states that he is currently employed by Defendant, Plaintiff's counsel represented at the hearing on the instant Motion that Plaintiff has recently been dismissed and is no longer a Goodman Networks employee.

2

Plaintiff filed a Response in opposition to the Motion on December 3, 2014 (Dkt. # 8), and Defendant filed a Reply on December 10, 2014 (Dkt. # 9).

## LEGAL STANDARD

For the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought, or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted). The party moving for transfer carries the burden of showing good cause. See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc., 321 F.2d 53, 56 (5th Cir. 1963); see also In re Volkswagen of Am., Inc., 545 F.3d 304, 314 (5th Cir. 2008) (hereinafter "Volkswagen II") ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must . . . clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'") (quoting 28 U.S.C. § 1404(a)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." Volkswagen II, 545 F.3d at 312. If this requirement is met, "[t]he determination of 'convenience' turns on a

number of public and private interest factors, none of which can be said to be of dispositive weight." Action Indus., Inc. v. U.S. Fid. & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "Volkswagen I") (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." Id.

A plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. Volkswagen II, 545 F.3d at 314 n.10, 315 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the

venue chosen by the plaintiff, the plaintiff's choice should be respected." Id. at 315.

## DISCUSSION

Defendant moves for this case to be transferred to the Sherman Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a), arguing that the location of the witnesses and other evidence in Plano, Texas makes the Eastern District a clearly more convenient forum. ("Mot.," Dkt. # 6 at 1–2.) It is undisputed that this case could have originally been brought in the Sherman Division of the Eastern District, where Defendant has its corporate headquarters and thus "resides" for the purpose of 28 U.S.C. § 1391. Defendant must also "clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice." Volkswagen II, 545 F.3d at 315.

Plaintiff argues that the Plaintiff's choice of forum is owed "great deference." (Resp. at 4.) As stated above, a plaintiff's choice of venue is not an independent factor in the venue transfer analysis, and courts must not give inordinate weight to a plaintiff's choice of venue. Volkswagen II, 545 F.3d at 314 n.10, 315. The deference owed to a plaintiff's choice of forum is instead reflected in the burden on the defendant to show good cause for transfer. Id. at 315. The Court further notes that Plaintiff here seeks to certify as a class action under the FLSA, and that a plaintiff's choice of venue is generally accorded less deference

when the plaintiff seeks to represent a class of individuals.  See Koster v. Am. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947) (reasoning, in the context of the doctrine of forum nonconveniens, that "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the . . . cause of action . . . the claim of any one plaintiff that a forum is appropriate . . . is considerably weakened"); see also Mateos v. Select Energy Servs., LLC, 919 F. Supp. 2d 817, 821 (W.D. Tex. 2013) (citing cases).

However, "less deference is not the same thing as no deference," and Defendant must still clearly demonstrate that its preferred venue is more convenient than the venue chosen by Plaintiff.  Mateos, 919 F. Supp. 2d at 821.  Upon consideration of the private and public interest factors described in Volkswagen I and Volkswagen II, the Court concludes that the Sherman Division of the Eastern District of Texas is a clearly more convenient venue than the San Antonio Division of the Western District of Texas.  The Court will address these factors in turn.

I.   Private Factors

The first private factor requires a court to determine which of the two venues provides easier access to relevant sources of proof.  Defendant argues that the sources of proof are found primarily at its headquarters in Plano, Texas, where it keeps payroll data, personnel files, job descriptions, and other documents

relevant to Plaintiff's payment and whether he was exempted from the requirements of 28 U.S.C. § 207.  (Ex. B, Dkt. # 6-8 ¶ 4.)  Additionally, many of the relevant witnesses work at Defendant's Plano headquarters, including Defendant's Director of Compensation, Vice President of Performance Management, Senior Manager of Employee Relations, and Director of Human Resources.  (Ex. B, Dkt. # 6-8 ¶ 5.)

    Plaintiff's Response does not identify any evidence that is found in San Antonio.  Plaintiff instead argues that the nearly 300 miles separating Plano and San Antonio is less than the 1,600 miles separating the defendant from the Plaintiff's chosen venue in Farmers Select, LLC v. United Motor Freight, Inc., No. EP-07-CV-342-DB, 2008 WL 5351731 (W.D. Tex. Dec. 19, 2008), in which a district court denied a motion to transfer venue under § 1404(a).  ("Resp.," Dkt. # 8 at 3.)  In that case, however, the venue in which the suit was originally brought was substantially connected to the litigation—the suit was brought in El Paso, and related to goods purchased by an El Paso company damaged in transit to El Paso. Farmers Select, LLC, 2008 WL 5351731 at *5.  By contrast, Plaintiff here has set forth no argument that San Antonio has any connection to the claims in this litigation.

    Plaintiff also argues that because "many documents are stored digitally or capable of being digitized," and because witness depositions can be

taken in the districts in which witnesses reside, the Sherman Division of the Eastern District is not significantly more convenient than the San Antonio Division of the Western District.  (Resp. at 3–4.)  The relevant inquiry for the first private factor, however, is the *relative* convenience of the two venues, and the fact "[t]hat access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."  Volkswagen II, 545 F.3d at 316.  Given the complete absence of any sources of proof in San Antonio, the first private factor weighs in favor of transfer.

The second factor addresses the availability of compulsory process to secure the attendance of witnesses.  Under Federal Rule of Evidence 45, a subpoena may compel a non-party witness to attend a trial more than 100 miles away from the witness's residence or place of employment only if the trial is within the state where the person resides and the witness would not incur substantial expense to travel to the trial.  Fed. R. Civ. P. 45(c)(1).  Additionally, a subpoena may command a non-party to attend a hearing or deposition only if it is within 100 miles of where the person works or resides.  Id.  Here, non-party witnesses who may testify concerning Defendant's data storage procedures are located in Dallas, Texas, well over 100 miles from San Antonio.  (Ex. B ¶ 6.)  Plaintiff submitted no evidence concerning the availability of compulsory process to secure witness attendance in this case, and the Court notes that the Sherman

Division is less than 100 miles from Dallas.  This factor therefore also weighs in favor of transfer.

The third factor considers the cost of attendance for willing witnesses, which has been recognized as "the most important factor under § 1404(a)." Bascom v. Maxim Integrated Prods., Inc., 534 F. Supp. 2d 700, 704 (W.D. Tex. 2008) (quoting Spiegelberg v. Collegiate Licensing Co., 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005)).  "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance travelled." Volkswagen II, 545 F.3d at 317.  Defendant has identified seven witnesses, including two non-party witnesses, who would have to travel nearly 300 miles from Plano and Dallas for a trial in San Antonio.  (Ex. B ¶¶ 4, 6.)

Plaintiff argues that Defendant's travel costs would not be unreasonable because Defendant regularly incurs travel costs in the normal course of its business operations.  (Resp. at 3–4.)  This argument is unpersuasive both because it does not apply to the identified non-party witnesses, whose convenience is given greater weight than party-witnesses under the § 1404(a) analysis, Frito-Lay N. Am. v. Medallion Foods, Inc., 867 F. Supp. 2d 859, 869 (E.D. Tex. 2012), and because Defendant's usual business travel costs have no bearing on the relative convenience of traveling to the venues in question.  Plaintiff has identified no

9

witnesses for whom San Antonio would be more convenient, and Plaintiff himself, as a resident of Missouri, cannot argue that San Antonio is substantially more convenient for him that the Sherman Division, whose Plano location is just outside of Dallas. Given the significant cost of travel from the greater Dallas area to San Antonio, this factor weighs in favor of transfer.

The final private factor covers all other practical problems, and the parties have not raised any such issues here. Defendant has filed the Motion to Transfer Venue early in the litigation, prior to the issuance of a scheduling order or discovery. (Mot. at 7.) Transfer would not cause substantial delay, and this factor is thus neutral.

II.     Public Factors

The first public factor considers the relative congestion of the courts in question. "Generally, this factor favors a district that can bring a case to trial faster." Frito-Lay, 867 F. Supp. 2d at 871. As of September 2014, the median time from filing to trial for civil cases in the Western District of Texas was 19.1 months.[2] In the Eastern District of Texas, the median time to trial was 21.9 months.[3] The Court is careful, however, not to place undue weight on these statistics. Court congestion is considered the "most speculative" of the factors,

---

[2] U.S. Courts, Federal Court Management Statistics, September 2014, *available at* http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-september-2014.pdf.
[3] Id.

since "case-disposition statistics may not always tell the whole story."  In re Genentech, 566 F.3d 1338, 1347 (Fed. Cir. 2009).  Given the relatively slight difference of less than three months, this factor, at most, weighs only lightly against transfer.

The second public factor considers the local interest in the litigation.  "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."  Volkswagen I, 371 F.3d at 206.  "[T]he location of the alleged injury is an important consideration in determining how to weigh this factor."  Frito-Lay, 867 F. Supp. 2d at 872 (citing In re TS Tech USA Corp., 551 F.3d 1315, 1321 (Fed. Cir. 2008)).  Defendant argues that the Sherman District has a greater interest in the litigation because the alleged wrong, Defendant's decision to classify construction managers as exempt from overtime, occurred at its headquarters in Plano.  (Mot. at 8.)  Plaintiff's Response makes no argument regarding this factor, and his Complaint does not identify where he was employed as a construction manager, stating only that he currently resides in Missouri.  (Compl. ¶ 5.)

The Court notes that Defendant has a project office in San Antonio, and that the Western District thus has at least some interest in the litigation.  The focus of the inquiry here, however, is the relative connection of the localities to the events giving rise to this suit and their corresponding interests in the resolution of

11

this controversy.  See Volkswagen II, 545 F.3d at 318.  National companies may have offices in virtually every judicial district, "leav[ing] no room for consideration of those actually affected . . . by the controversy and the case."  Id. The presence of a project office in San Antonio therefore has little weight in the absence of any indication that the events giving rise to this suit occurred in San Antonio—for example, that Plaintiff, or indeed any construction managers employed by Defendant, work or worked in or around San Antonio, or that corporate decisions regarding their compensation were made in San Antonio.  This factor thus also weighs in favor of transfer.

        The third and fourth public factors consider familiarity with governing law and avoidance of unnecessary conflicts of law.  Because this case will apply federal law and does not raise conflict of law issues, these factors do not favor either venue.

        Based on its analysis of the private and public factors, the Court finds that Defendant has clearly demonstrated that the Sherman Division of the Eastern District is a more convenient venue.  Three of the private factors weigh in favor of transfer, and the fourth is neutral.  Of the public factors, local interest in the case weighs in favor of transfer, while the relative congestion of the courts weighs, at most, only lightly against transfer.  The remaining public factors are neutral.  The

Court therefore finds good cause to transfer the case to the Sherman Division of the Eastern District of Texas pursuant to § 1404(a).

## CONCLUSION

For the reasons given, the Court **GRANTS** Defendant's Motion to Transfer Venue to the Sherman Division of the Eastern District of Texas.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, February 5, 2015.

_____
David Alan Ezra
Senior United States Distict Judge